**YUE SHUANG YU, Petitioner,**

v.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for for-

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–6372–AG.

United States Court of Appeals, Second Circuit.

Oct. 23, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Charles P. Wisdom Jr., Appellate Chief, Thomas Lee Gentry, Assistant United States Attorney, Lexington, KY, for Respondent.

Present: DENNIS JACOBS, Chief Judge, and GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yue Shuang Yu, a native and citizen of China, seeks review of a November 22, 2004 order of the BIA denying Yu's two motions to reopen the BIA's April 25, 2002 affirmance of the March 12, 2001 decision of Immigration Judge ("IJ") Charles J. Sanders denying petitioner's

mer Attorney General John Ashcroft as the respondent in this case.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

application for relief under the Convention Against Torture ("CAT"). *In re Yue Shuang Yu,* No. A 73 532 573 (B.I.A. Nov. 22, 2004).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (internal quotation marks omitted).

A motion that is not filed within 90–days of the final administrative decision can be brought only where the alien can establish "changed country conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

■ Yu admits that her two motions to reopen were untimely. Yu also acknowledges that the birth of her two U.S. born children was a change in personal circumstances, not changed country conditions. Yu argues, however, that the births of her U.S. citizen children, coupled with the enactment of China's new Family Planning Law ("PFPL") made her a target for persecution and qualified her for an exception to the time limitations set out in 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Yu claims that the BIA abused its discretion because it failed to discuss the substantial evidence she submitted with her motion regarding changed conditions.

■ Yu submitted the affidavit of Dr. John S. Aird ("Aird Affidavit") as the main evidence to support her claim that the enactment of the PFPL in China qualified as a change in country conditions. However, the BIA is frequently asked to consider the Aird Affidavit, and need not engage in a thorough analysis of the affidavit. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006); *see also Matter of C–C–,* 23 I. & N. Dec. 899, 903 (finding State Department reports were "more persuasive than the Aird affidavit" in determining the chances the respondent would be sterilized if she returned to China). As a result, the BIA's summary analysis was sufficient. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 n. 11, 159–160 n. 13 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *see also Wei Guang Wang,* 437 F.3d at 275 (holding that the BIA does not abuse its discretion by giving summary consideration to evidence presented in a motion to reopen, particularly when dealing with evidence, "such as the oft-cited Aird affidavit, which the BIA is asked to consider time and again").

Moreover, the BIA recently held in *Matter of C–C–* that an alien seeking to reopen proceedings based on the birth of a second U.S. citizen child cannot establish prima facie eligibility for relief where the evidence and relevant country conditions reports do not show that Chinese nationals returning to that country with foreign-born children have been subjected to forced sterilization in the alien's home province. 23 I. & N. Dec. 899. As Yu has not submitted any evidence in support of either her motions to reopen indicating that she will be subjected to forced sterilization upon return to China, the BIA did not abuse its discretion in denying Yu's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).